# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **IN RE ACTIQ SALES AND MARKETING PRACTICES LITIGATION** | **W.D. PA. No.: 2:11-mc-00274-JFC**<br><br>**Case pending in the United States District Court for the Eastern District of Pennsylvania, Case No. 07-cv-4492 (PBT)** |

<u>MEMORANDUM OPINION AND ORDER</u>

Pending before this court is the motion to quash and/or for a protective order (ECF No. 1) filed by plaintiff Pennsylvania Turnpike Commission ("Plaintiff"). The motion involves two subpoenas issued by defendant Cephalon, Inc. ("Defendant") to two nonparties. As more fully explained below, Plaintiff's motion to quash will be denied because Plaintiff lacks standing to seek to quash the subpoenas and the motion for a protective order will be transferred to the District Court for the Eastern District of Pennsylvania where the underlying litigation is pending.

**1.     Background**

On September 16, 2011, Defendant issued two subpoenas from the Western District of Pennsylvania to Dr. Michael R. Cozza and Heritage Valley Rehabilitation Medicine and Dr. J. Fred Stoner. On September 23, 2011, Plaintiff filed a motion to quash and/or for a protective order. In its memorandum in support of the motion, Plaintiff argued that the subpoenas were overbroad and requested irrelevant evidence and that Pennsylvania law limited disclosure of medical information. (ECF No. 3.)

On October 12, 2011, Defendant filed a memorandum in opposition to the motion to quash and/or for a protective order. (ECF No. 8). In its memorandum, Defendant argued that the dispute should be transferred to the District Court for the Eastern District of Pennsylvania, where the underlying litigation has been pending for four years. Defendant argued that "Plaintiff's challenge to the [s]ubpoenas raises sophisticated regulatory and statutory issues, requires complex factual determinations of relevancy, and is based upon the interpretation of two Orders that issued from the Eastern District of Pennsylvania, that forum is best suited to resolve the instant motion." (ECF No. 8. at 7.) Defendant pointed out that Plaintiff filed a similar motion for a protective order before that district court. Defendant asserted that Plaintiff lacks standing to move for protective order or to quash and failed to meet its burden to quash the subpoenas or to obtain a protective order.

On October 21, 2011, Plaintiff filed a motion to file a reply along with a proposed reply brief. (ECF No. 12.) The court hereby grants that motion and will consider the proposed reply as if it had been filed. In its reply brief, Plaintiff, *inter alia*: (i) opposed Defendant's request to transfer the motion to quash; (ii) did not oppose Defendant's request to stay this action pending a decision from the Eastern District of Pennsylvania, but requested this court to prohibit Defendant from taking any further action to enforce the subpoenas while the stay is in place; and (iii) argued Plaintiff has standing to seek a protective order. (Id.)

On October 28, 2011, Defendant filed a motion for leave to file a surreply in opposition to Plaintiff's motion to quash and/or for a protective order. (ECF No. 14.). The court hereby grants that motion and will consider the proposed surreply as if it had been filed. In its surreply brief, Defendant argued that Plaintiff raised factual and legal arguments that were not raised in its original motion to quash and for a protective order. Regarding Plaintiff's request to impose a

condition on the grant of a stay, Defendant argued that the proposed condition to prohibit Defendant from taking any further action to enforce the subpoenas is "unnecessary, improper, and jeopardizes" its ability to comply with the discovery orders entered by the District Court for the Eastern District of Pennsylvania. (Id. at 2.)

**2.      Discussion**

Preliminarily, it should be noted that pursuant to Federal Rule of Civil Procedure 45(a)(2), this court is a proper court for deciding Plaintiff's motion to quash and for a protective order.  See Highland Tank & Mfg. Co. v. PS Intern., Inc., 227 F.R.D. 374, 381-82 (W.D. Pa. 2005); Central States, Se. and Sw. Areas Pension Fund v. Quickie Transport Co., 714 F.R.D. 50, 51-2 (E.D. Pa. 1997).

**a.) Plaintiff's standing to  bring a motion to quash**

First, this court must address whether Plaintiff has standing to bring a motion to quash the subpoenas at issue.  Upon review, this court concludes it does not.

> Federal Rule of Civil Procedure 45 establishes the rules for subpoenas served upon individuals and entities that are not parties to the underlying lawsuit. *See also* Fed. R. Civ. P. 34(c) ("A person not a party to the action may be compelled to produce documents . . . as provided in Rule 45.") When a nonparty receives a subpoena to which it objects, it has several options: file a motion to quash or modify the subpoena pursuant to Fed. R. Civ. P. 45(c)(3)(A), seek a protective order pursuant to Fed. R. Civ. P. 26(c), or . . . object to production of documents by opposing a motion to compel under Fed. R. Civ. P. 45(c)(2)(B).

United States v. Star Scientific, Inc., 205 F. Supp. 2d 482, 484 (D. Md. 2002).

Here, the nonparties that received the subpoenas did not file a motion to quash, seek a protective order or file any objection.  Instead, the motion to quash and/or for a protective order was filed by Plaintiff. Therefore, the issue here is whether Plaintiff has standing to quash the subpoenas addressed to nonparties.

condition on the grant of a stay, Defendant argued that the proposed condition to prohibit Defendant from taking any further action to enforce the subpoenas is "unnecessary, improper, and jeopardizes" its ability to comply with the discovery orders entered by the District Court for the Eastern District of Pennsylvania. (Id. at 2.)

**2.      Discussion**

Preliminarily, it should be noted that pursuant to Federal Rule of Civil Procedure 45(a)(2), this court is a proper court for deciding Plaintiff's motion to quash and for a protective order.  See Highland Tank & Mfg. Co. v. PS Intern., Inc., 227 F.R.D. 374, 381-82 (W.D. Pa. 2005); Central States, Se. and Sw. Areas Pension Fund v. Quickie Transport Co., 714 F.R.D. 50, 51-2 (E.D. Pa. 1997).

**a.) Plaintiff's standing to  bring a motion to quash**

First, this court must address whether Plaintiff has standing to bring a motion to quash the subpoenas at issue.  Upon review, this court concludes it does not.

> Federal Rule of Civil Procedure 45 establishes the rules for subpoenas served upon individuals and entities that are not parties to the underlying lawsuit. *See also* Fed. R. Civ. P. 34(c) ("A person not a party to the action may be compelled to produce documents . . . as provided in Rule 45.") When a nonparty receives a subpoena to which it objects, it has several options: file a motion to quash or modify the subpoena pursuant to Fed. R. Civ. P. 45(c)(3)(A), seek a protective order pursuant to Fed. R. Civ. P. 26(c), or . . . object to production of documents by opposing a motion to compel under Fed. R. Civ. P. 45(c)(2)(B).

United States v. Star Scientific, Inc., 205 F. Supp. 2d 482, 484 (D. Md. 2002).

Here, the nonparties that received the subpoenas did not file a motion to quash, seek a protective order or file any objection.  Instead, the motion to quash and/or for a protective order was filed by Plaintiff. Therefore, the issue here is whether Plaintiff has standing to quash the subpoenas addressed to nonparties.

>It is clear that, "as a general rule, a party has no standing to seek to quash a subpoena directed to a non-party." *United States v. Wells*, No. 06-10589, 2006 U.S. Dist. LEXIS 83124, 2006 WL 3203905, *2 (E.D. Mich. Nov. 3, 2006); *Microsoft Corp. v. Tech. Enters., LLC*, No. 07-mc210, 2008 U.S. Dist. LEXIS 10964, 2008 WL 424613, *1 (S.D. Ind. Feb. 13, 2008); *Hadix v. Caruso*, No. 92-cv-110, 2006 U.S. Dist. LEXIS 72128, 2006 WL 2865506, *1 (W.D. Mich. Oct. 3, 2006). But an exception exists where the party-movant can demonstrate a claim of privilege or personal right. *Mann v. Univ. of Cincinnati*, 114 F.3d 1188, [published in full-text format at 1997 U.S. App. LEXIS 12482], 1997 WL 280188, *4 (6th Cir. 1997) (per curiam); *Microsoft*, 2008 U.S. Dist. LEXIS 10964, 2008 WL 424613 at *1 (quoting *United States v. Raineri*, 670 F.2d 702, 712 (7th Cir. 1982)); *Schweinfurth v. Motorola, Inc.*, No. 05-cv-024, 2008 U.S. Dist. LEXIS 97069, 2008 WL 4981380, *2 (N.D. Ohio Nov. 19, 2008). Finally, a party seeking to quash a subpoena bears a heavy burden of proof. *Wells*, 2006 U.S. Dist. LEXIS 83124, 2006 WL 3203905 at *2.

<u>Underwood v. Riverview of Ann Arbor</u>, 08-cv-11024, 2008 U.S. Dist. LEXIS 107323, at *3-4 (E.D. Mich. Dec. 15, 2008).

Plaintiff not only did not meet the heavy burden above described, but a close review of the reply brief reveals Plaintiff's discussion is limited to the issuance of a protective order and does not discuss the motion to quash. Plaintiff failed to assert a claim of privilege or personal right. Accordingly, Plaintiff's motion to quash the subpoenas will be denied because it failed to show it had standing to bring such a challenge.

**b.) Motion for a protective order**

With respect to the motion for a protective order, Rule 26(c), in relevant part, provides as follows: "A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending -- or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken." Fed. R. Civ. P. 26(c)(1). While this court agrees with Plaintiff that Plaintiff does have standing to seek a protective order, see <u>Underwood</u>, 2008 U.S. Dist. LEXIS 107323, at *4-5 ("The explicit mention of a 'party' in [Fed. R. Civ. P. 26(c)] has been interpreted to provide standing for a party to

4

contest discovery sought from third-parties"), it concludes that the matter should be decided by the District Court for the Eastern District Court of Pennsylvania. In reaching this conclusion this court considered several factors: 1) the underlying litigation has been pending before the District Court for Eastern District of Pennsylvania for four years; 2) that court entered the discovery orders at issue in this matter; 3) this matter involves complex discovery issues; and 4) there is a risk of inconsistent discovery rulings (as noted above, Plaintiff filed a similar motion for a protective order before the District Court for the Easter District of Pennsylvania). Additionally, Defendant issued seventeen subpoenas in four federal jurisdictions, *i.e.*, the Northern District of Illinois, the Southern District of Indiana, the Middle District of Pennsylvania and this district, for documents and testimony from nonparties. Considering all these circumstances, this court finds it is more appropriate to transfer the instant motion for a protective order to the District Court for Eastern District of Pennsylvania. That court "is in a superior position to determine the merits of the [Defendant]'s subpoenas at issue in [Plaintiff]'s Motion for Protective Order." Highland Tank & Mfg. Co., 227 F.R.D. at 382; Central States, Se. and Sw. Areas Pension Fund, 714 F.R.D. at 51; 8A CHARLES A. WRIGHT, ARTHUR R. MILLER & RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2035 at 156 (3d ed. 2010).

**3. Conclusion**

For the reason set forth above, this court will deny the motion to quash the subpoenas and will transfer the motion for a protective order to the United States District Court for the Eastern District of Pennsylvania.

**ORDER**

AND NOW, this 9th day of November 2011, it hereby ordered that Plaintiff's Motion to quash is DENIED and the remaining motion in this miscellaneous case – the Motion for a

Protective Order - is TRANSFERRED forthwith to the United States District Court for the Eastern District of Pennsylvania to be considered in connection with the pending case of <u>In Re Actiq Sales & Mktg. Practices Litig</u>, No. 07-cv-4492.

          BY THE COURT,

          <u>/s/ Joy Flowers Conti</u>
          Joy Flowers Conti
          United States District Judge